*E-Filed 06/07/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON RIVERA, an individual; and<br>MIKALA RIVERA, an individual,<br><br>           Plaintiffs,<br>  v.<br><br>BAC HOME LOANS SERVICING, L.P., et al.,<br><br>           Defendants.<br>_____/ | No. C 10-02439 RS<br><br>**TEMPORARY RESTRAINING ORDER** |

### I.  INTRODUCTION

Plaintiffs Jason and Mikala Rivera filed their Complaint on June 2, 2010 alleging, among others, violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq* ("RESPA") and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq* ("TILA") and its implementing regulations, 12 C.F.R. § 226 *et seq* ("Regulations Z").  Plaintiffs now apply for a temporary restraining order ("TRO") enjoining defendants Recontrust Company, N.A. ("Reconstruct") and BAC Home Loans Servicing, LP ("BAC") from conducting a trustee's sale of plaintiff's property at 153 Smith Street, Alamo, California, 94507, which Plaintiffs represent is scheduled to take place on June 9, 2010 at 11:00 a.m.  Plaintiffs' attorney has certified that the application was served on defendants Reconstruct and BAC by personal delivery on July 7, 2010.  Doc. No. 9.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(b), the Court may issue a temporary restraining order if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The movant's attorney must certify in writing "any efforts made to give notice." Fed. R. Civ. P. 65(b)(1)(B).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 376 (2008); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter* 129 S. Ct. at 374).

## III. ANALYSIS

Under *Winter*, the first required element is the demonstration of a likelihood of success on the merits. 129 S. Ct. at 374. Plaintiffs contend that in August of 2006, when the parties signed the relevant home equity line of credit ("HELOC") documents, defendants failed to provide plaintiffs with notice of the right to rescind as required by federal Regulation Z, 12 C.F.R. § 226.23(b)(1). Under Regulation Z, "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.R.R. § 226.23(a)(3). Plaintiffs contend that they notified defendants Reconstruct, BAC, Countrywide Bank, N.A., Countrywide Home Loans, Inc. and Bank of America, N.A. of their right to rescind on July 29, 2009, within the three year period set forth in Regulation Z. Accordingly, they contend they are entitled to rescind the mortgage under TILA, 15 U.S.C. § 1635. Based upon the facts properly

1  before the Court at this time, this disclosure failure arguably violates TILA; therefore, plaintiffs
2  have satisfactorily shown for purposes of temporary injunctive relief a likelihood of success on the
3  merits.[1]

4  The second element in the analysis is the likelihood that the Rivera family will suffer
5  irreparable harm in the absence of a TRO.  It is beyond cavil that this element is present; the real
6  property at issue in the foreclosure is plaintiffs' principal residence.

7  The third element is whether the balance of equities tips in plaintiffs' favor.  Again, this
8  question is easily answered.  Finding a sufficient likelihood of success concerning defendants'
9  failure to disclose loan documents properly, equitable concerns dictate that foreclosure proceedings
10 should be halted for the limited period set forth herein while the concerns raised by the Complaint
11 are addressed in court.

12 The final consideration is whether a TRO is in the public interest.  Given the current
13 widespread financial crisis, skyrocketing unemployment, and the attendant plummet in home values,
14 the public interest favors keeping them in their home while the instant lawsuit proceeds, at least for
15 the 14-day TRO period.

16 No security bond shall be imposed.  Although the literal language of Federal Rule of Civil
17 Procedure 65(c) suggests that a restraining order will not be issued without a security bond, a district
18 court has broad discretion in setting the amount of a bond.  *Conn. Gen. Life Ins. Co. v. New Images*
19 *of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003).  Moreover, "[t]he district court may dispense
20 with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant
21 from enjoining his or her conduct."  *Jorgensen v. Cassidy*, 320 F.3d 906, 919 (9th Cir. 2003).  Here,
22 defendants face no realistic likelihood of harm from temporary restraint of the foreclosure

---

[1] Based upon the allegations made in the Complaint as to the relationship between HELOC and the mortgage, it is unsettled whether, even were plaintiffs to prevail on their right to rescind under HELOC, they would prevail on their right to rescind the mortgage.  The right to rescind under TILA does not apply to a "residential mortgage transaction."  15 U.S.C. § 1635(e); 12 C.F.R. § 226.23(f). A "residential mortgage transaction" is defined as "a transaction in which a mortgage ... is created or retained against the consumer's dwelling to finance the acquisition ... of such a dwelling". 15 U.S.C. § 1602(w); 12 C.F.R. § 226.2(a)(24).  Given the equities in this case, however, it is appropriate to grant this temporary relief, with the expectation that the issue will be addressed at the preliminary injunction stage.

No. C 10-00805 RS
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

proceedings. If the defendants' position that the loans are valid is correct, then the loans are adequately secured by the very property in question. *Phleger v. Countrywide Home Loans, Inc.*, 2007 WL 4105672 at *6 (N.D. Cal. Nov. 16, 2007). A bond is therefore not necessary in this case.

IV. CONCLUSION

Because plaintiffs have demonstrated that they will likely suffer immediate irreparable injury as a result of the foreclosure sale, the court GRANTS plaintiffs' motion and hereby ORDERS as follows:

1. Defendants and their agents, servants, employees and representatives, and all persons acting in concert or participating with them, are ENJOINED from selling, transferring, conveying, evicting or engaging in any other conduct adverse to plaintiffs regarding the real property located at 153 Smith Street, Alamo, California, 94507;

2. This order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this order by personal service or otherwise.

3. Defendants are ORDERED to SHOW CAUSE why they and their agents, servants, employees, representatives and all persons acting in concert or participating with them should not be enjoined or restrained during the pendency of this action from engaging in, committing or performing, directly or indirectly, the selling, transferring, conveying or engaging in any other conduct adverse to plaintiffs regarding the real property located at 153 Smith Street, Alamo, California, 94507.

4. Defendants may file a written response to this order to show cause on or before **June 15, 2010 at 3:00 p.m.** The court will hear plaintiffs' motion for a preliminary injunction on **June 17, 2010 at 1:30 p.m.** in Courtroom 3 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

5. Absent further action from the Court, this TRO will expire on the date of the show cause hearing.

6. **Plaintiffs shall serve a copy of this order on defendants by close of business on June 8, 2010.**

IT IS SO ORDERED.

Dated: 06/07/2010
Time: 5:00 p.m.

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 10-00805 RS
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

5